UNITED STATES of America

v.

**Francis I. HUGHES.**

**Crim. A. No. 61–255.**

United States District Court
W. D. Pennsylvania.

Jan. 25, 1962.

As Amended Jan. 26 and Feb. 7, 1962.

Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Barney Phillips, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

■ In this case the defendant, Francis I. Hughes has petitioned to suppress the evidence and for his discharge, claiming an illegal arrest. A hearing was directed and evidence has been taken. It appeared that defendant was arrested June 29, 1961, when found on the premises of 1256 Pennsylvania Avenue in the city of Pittsburgh. The government agents had a John Doe search warrant for those premises. The search revealed bookmaking and lottery paraphernalia. Defendant was first observed on the outside of the building standing on the sidewalk. In the affidavit before the Commissioner on which the search warrant was based the agent had stated that he played numbers at those premises on June 15, 1961, and after determining that no wagering tax stamps had been issued for this place of business, which was a confectionary store, a search warrant was secured but in the name of John Doe only. While on the premises, in the course of the search, the agents arrested the defendant, Francis I. Hughes, and immediately brought him to the office of the United States Commissioner in the Federal Building where he was held for the Grand Jury after a hearing by the Commissioner. The John Doe search warrant was issued June 28, 1961, and was executed on June 29, 1961, the next day. After defendant had been held for the Grand Jury by the Commissioner and put up bail, then a warrant of arrest was issued by the Commissioner. However, that warrant was not executed as the defendant had already been held for bail. There is thus presented a situation where a warrant was issued, but after the defendant had been actually arrested and given a hearing. This, of course, is contrary to Rule 4 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The defendant was seized and held and there-

after steps were taken which should have been taken beforehand. But the point is that the indictment is based upon the arrest made without a warrant, and no probable cause is shown to make the arrest legal. In fact, the attempt is made to validate the arrest by the later warrant. It is to be emphasized that the search warrant was a "John Doe" warrant as the name of the supposed owner of the premises was unknown to the officers. Had the government in this case, sought to hold the defendant under arrest without a warrant because of probable cause appearing, then another question would be presented, but that is not what is presented in this prosecution. Giordenello v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L.Ed.2d 1503, 1958.

AMENDMENT TO ORDER ON PETITION TO SUPPRESS EVIDENCE AND FOR DISCHARGE AS FILED JANUARY 26, 1962

In the above Order it is stated that the defendant is held on an indictment, whereas the record shows that he was held on an information, and THEREFORE, the said Order is amended to strike out the word "indictment" and substitute therefor the word "information".

■ As an additional memorandum showing other reasons for discharge of the defendant, attention is directed to the record of the proceedings by the United States Commissioner. That record shows that the defendant was held on a warrant issued June 29, 1961. It is to be noted that the complaint executed by the Officer on which the warrant of arrest was issued is not drawn in accordance with the requirements of Rule 3 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. There are no essential facts constituting the crime charged averred in the complaint. It is simply stated that "the complainant states that as a result of the service of a search warrant, that he has seized evidence of wagering activity."

See Busby v. United States, 296 F.2d 328 (9 Cir.1961) at p. 332 where the Court of Appeals from the Ninth Circuit says:

"It is fundamental that an arrest without probable cause can not be validated by evidence obtained in a subsequent search and likewise that the search can not be validated by the invalid arrest."