Jeeome B. E. Wolfe, J.
The above case was brought before this court for trial without a jury on December 5, 1962, at which time testimony was taken. Before" the trial a motion was made by defendant’s counsel before another Judge for the suppression of any property obtained by the State Police from the defendant on the grounds that such property was obtained through an illegal search and seizure. Said motion was made on an affidavit of the defendant. The motion was denied without a hearing and the case moved for trial before this court.
The facts briefly presented are these: The defendant, carrying a suitcase, was walking along a State highway in the night when he was stopped by two State police officers in a patrol car. He was asked to enter the police vehicle and was questioned as to his name, age, residence, and1 then was told to stand in front of the car which he did. The testimony of the State police officer relates that a radio call was made to headquarters in Albany to check the records concerning the defendant and an answer received in that he was not wanted for any crime. The defendant was then asked to return from standing in front of the police vehicle and at that time he was asked whether or not he possessed a gun. He answered in the affirmative and he was asked where did he keep the gun. He replied that it was in the suitcase which he had in his possession. He then was asked to open the suitcase and upon opening the suitcase it was revealed that a 22-caliber revolver was in the suitcase mixed together with his clothes. Thereupon the State police officer arrested the defendant upon the grounds of illegal possession of a firearm and later the Grand Jury of the County of Monroe indicted the defendant charging him with violation of subdivision 4 of section 1897 of the Penal Law, as a felony.
The first question to be determined by this court is whether or not this court has jurisdiction to hear a motion to suppress after a motion has already been made and denied.
Counsel for the defendant made a motion to suppress under section 813-c of the Code of Criminal Procedure before another part in the County Court. The motion was made on an affidavit of the defendant and the District Attorney submitted the written confession of the defendant in opposition thereto. The motion was denied without a hearing.
*127 Section 813-c in part states: “ The court shall hear evidence upon any issue of fact necessary to the determination of the motion.” No evidence or testimony was used on the motion since there was not any hearing. Furthermore, the written confession of the defendant was not proper evidence since the confession of the defendant was not pertinent to the question of illegal search or seizure.
There is also the question of whether the confession was obtained or induced by the confrontation of the defendant by a gun which was illegally obtained through an illegal search and seizure. (People v. Rodriguez, 11 N Y 2d 279.)
The full disclosure of the surrounding circumstances preceding and attending the search and seizure did not come to light until the State police officer testified in this court. After the testimony, the defendant again renewed his motion to suppress. Thus, he brought himself within the exception as contained in section 813-d of the Code of Criminal Procedure in the second paragraph thereof.
It is the decision of this court that the defendant is not estopped from renewing his motion to suppress under section 813-d, in that, the motion made previously and denied, could not have been made upon the merits of the case since the confession of the defendant is not the proper documentary proof or evidence to rely upon for a determination without a hearing, and that the intent of section 813-d is to allow the trial court to make a determination if further evidence is produced which could not have been shown on the initial motion, especially as in this case when a hearing was not held prior to a ruling on the motion.
The next question to be determined is the status of the search and seizure of the revolver which is the gravamen of the charge in the indictment.
The defendant was detained and taken into custody by the State police officers for questioning. The information they secured via their radio did not show that he was wanted or that a crime had been committed in the vicinity. At this point, however, the police told the defendant to come to the rear of their vehicle and after continued interrogation, the defendant admitted that he possessed a gun in his suitcase. He was told to place it in the back trunk of the vehicle and to open it. Upon opening the suitcase, the gun was removed and then the police arrested the defendant for unlawfully possessing a gun.
There was a discrepancy in the testimony as to whether the suitcase remained in the police vehicle when the defendant was standing in front of the vehicle.
*128 The testimony of the State police officer indicated that they did not intend to arrest the defendant for vagrancy.
The initial detention of the defendant came to an end when his answers were checked by the police headquarters.
The continued questioning and the holding of the defendant amounted to an arrest. Since there was no probable cause for the arrest of the defendant under section 177 of the Code of Criminal Procedure based on a felony, and since a warrant of arrest would be necessary if it were a misdemeanor (People v. Moore, 11 N Y 2d 271) the arrest was unlawful.
“ Since the arrest was unlawful the search and seizure were unlawful and it was a violation of defendant’s constitutional rights under Mapp v. Ohio [367 U. S. 643] to admit the evidence thus obtained.” (People v. Moore, 11 N Y 2d 271, 273, supra.) Conversely, if the continued holding and questioning of the defendant did not amount to an arrest, then without an arrest, the search and seizure would still fall. “ A search and seizure can be upheld if incident to a lawful arrest.” (Draper v. United States, 358 U. S. 307; Giordenello v. United States, 357 U. S. 480; People v. Loria, 10 N Y 2d 368.)
According to the testimony by the State police, the “ arrest ” was made after the suitcase was opened, therefore, the search and seizure preceded their “ arrest.”
Due to the surrounding circumstances and the manner which was used in questioning the defendant, I find that there was no evidence of a voluntary consent given by the defendant for the consequent search and seizure. (Johnson v. Zerbst, 304 U. S. 458; Judd v. United States, 190 F. 2d 649; Matter of United States v. Royster, 204 F. Supp. 760.)
The revolver, the product of the unreasonable search and the consequent confession of the defendant are hereby suppressed and since there is no other evidence, the indictment is dismissed and the defendant discharged from custody.