STATE *vs.* CARLTON H. WINSOR.

NOVEMBER 9, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a criminal complaint charging the defendant with speeding in South Kingstown in violation of G. L. 1956, §31-14-1. The case is before us on his exceptions to the ruling of the superior court sustaining the state's demurrer to his plea in abatement and to the court's decision finding him guilty as charged.

We shall discuss only those facts which are pertinent to the issue raised by defendant's exceptions.

The complaint was signed by the chief of police of South Kingstown in accordance with the provisions of G. L. 1956, §12-6-1, and the warrant was issued by William H. Leslie, Jr., a justice of the peace authorized to issue warrants un-

der §12-10-2. Under §12-6-4 the issuance of a warrant requires a finding of probable cause.

On December 13, 1962 defendant pleaded not guilty before the district court of the second judicial district and was thereupon released on his personal recognizance for trial at a subsequent date. On January 24, 1963 he was given leave by the district court to change his plea to nolo contendere and was fined $20 and costs. He appealed to the superior court for Washington county and was released on his personal recognizance.

In the superior court defendant filed a plea in abatement alleging that Mr. Leslie was also South Kingstown's town solicitor; that as such he was required to act as counsel for said town and its chief of police; that in the circumstance he was not competent to receive the chief's complaint and to issue a warrant on the basis thereof; and that the issuance of such warrant violated defendant's constitutional rights under article I, §6, of our state constitution and art. XIV of amendments to our federal constitution which provide that no warrant shall issue except upon probable cause.

The main thrust of defendant's plea in abatement is that the finding of probable cause required under §12-6-4 to procure the issuance of a warrant must be made by an impartial magistrate and that, absent such magistrate, the warrant is invalid for lack of due process. The short answer to this attack is that after pleading not guilty and giving his personal recognizance in the district court, defendant was no longer being held under the warrant when he filed his plea in abatement in the superior court. He was then being held on his recognizance. *State* v. *Sherman,* 16 R. I. 631, 632. In the circumstances his attack on the warrant comes too late.

In his oral argument defendant conceded that his attempt to attack the warrant was not timely. However he argued that the grounds on which he attacked the warrant apply

with equal force to the complaint. In our opinion this contention is without merit.

The complaint was signed by the chief of police in accordance with the provisions of §12-6-1, the pertinent language of which provides as follows:

> "Whenever any complaint shall be made *** to any justice of the peace *** of the commission of any offense *** he shall examine the complainant under oath or affirmation relative thereto, and reduce the same to writing and cause the same to be signed by the complainant."

Section 12-6-1 prescribes no judicial or quasi-judicial duties and requires no finding of probable cause. The duties imposed are purely ministerial. *Tumey* v. *Ohio,* 273 U. S. 510, and *Giordenello* v. *United States,* 357 U. S. 480, cited by defendant, are distinguishable factually from the case at bar and are not in point. His exception to the ruling sustaining the state's demurrer is overruled.

After the ruling on the demurrer the defendant proceeded to trial on a plea of not guilty. After admitting sufficient evidence to convict he was found guilty as charged and fined $20 and costs. We have considered his exception to the court's finding of guilt as charged. In our opinion it is supported by the evidence and his exception thereto is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.