THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LORIA, Appellant.

First Department, November 9, 1965.

*Herbert S. Siegel* for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

VALENTE, J. Defendant appeals from a judgment of the Supreme Court, Bronx County, convicting him, upon his plea of guilty of a violation of subdivision 2 of section 1751 of the Penal Law (Possession of Narcotics). The appeal brings up for review, as permitted by statute (Code Crim. Pro., § 813-c), an order of the same court denying a motion to suppress evidence allegedly seized through an unlawful search.

The antecedent history of this prosecution is critical in the determination to be made by this court. In January, 1961, defendant was convicted and sentenced, after a trial, for the crimes of unlawfully possessing, with intent to sell, a quantity of heroin in violation of subdivisions 2 and 3 of section 1751 of the Penal Law and section 3305 of the Public Health Law. His conviction was affirmed in this court. (13 A D 2d 922.) The Court of Appeals in *People* v. *Loria* (10 N Y 2d 368) reversed the conviction and granted a new trial.

The Court of Appeals held that the intervening decision of the Supreme Court of the United States in *Mapp* v. *Ohio* (367 U. S. 643) — which held that evidence obtained by search and seizure in violation of the Fourth Amendment was inadmissible in State courts — would be applied to Loria's appeal. After examining the evidence regarding the seizure of the heroin which formed the basis of the prosecution's case, the Court of Appeals held that the search in the instant case was unreasonable in that it was neither made pursuant to a legal search warrant nor pursuant to a consent.

But, the Court of Appeals said (p. 373): "The search and seizure could, however, be upheld if incident to a lawful arrest (*Draper* v. *United States,* 358 U. S. 307, 310–311; *Giordenello* v. *United States,* 357 U. S. 480, 483; *United States* v. *Rabinowitz,* 339 U. S. 56, 60; *Agnello* v. *United States,* 269 U. S. 20, 30; *People* v. *Defore,* 242 N. Y. 13, 18, *supra*). Thus, if the seizure follows a lawful entry to effect an arrest, then it is valid ' even though the officers are not aware that such property is on the premises when the search is initiated ' (*Harris* v. *United States, supra,* 331 U. S., p. 155)."

Since at the time of the trial the admissibility of evidence was not dependent upon its lawful acquisition, the record, as the Court of Appeals found, did not disclose what cause, if any, the police had for entering the apartment. However, the Court of Appeals pointed out (p. 374): "It may well be that at the time of the entry the officers had probable cause which would have justified their making an arrest, for Short [one of the detectives] testified that they proceeded not only on defendant's and Perillo's actions but also on the basis of ' our experience and what we knew '."

Consequently, although the conviction was reversed, the Court of Appeals held that " the People should have the opportunity to establish the propriety of the police entry into Perillo's home " (p. 374), and suggested that proper procedure would be for the defendant to make an application in advance of trial to suppress the challenged evidence.

Such a motion was duly made for suppression of the evidence. The validity of the order denying that motion after a hearing is the subject of the instant appeal.

An adequate summary of the evidence at the original trial concerning the events leading to the seizure of the heroin appears in the opinion of the Court of Appeals (pp. 371–372). It would serve no purpose to paraphrase or repeat the account here. Surprisingly, with the exception of a stipulation as to what testimony Detective Short would give if called as a witness, the evidence on the hearing to suppress did not differ materially from that adduced at the trial. The stipulation regarding Short's testimony did not encompass any of the matter to which the Court of Appeals had alluded as bearing on the issue of probable cause, i.e., testimony by Short that at the time of the entry the officers had probable cause based on " our experience and what we knew " (p. 374).

The course of subsequent proceedings had been unequivocally charted by the Court of Appeals. Yet, the hearing on the motion to suppress and the decision of the court seem to have proceeded

with complete oblivion of the narrow issue which the Court of Appeals held should be determined on a motion to suppress. In substance, the findings and decision of the trial court denying the motion to suppress are predicated on a theory that the question of unlawful search is not even pertinent since the case involved merely an abandonment of the vanity case containing the heroin by throwing it out of a window "and the police fortuitously were present to catch it".

Apart from the unwarranted deviation from the precise channels which the Court of Appeals required any subsequent hearing to take, the conclusion reached cannot be reconciled with the following statement by the Court of Appeals (pp. 372–373): "In the instant case, Detective Short, while in Perillo's apartment, observed the latter pick up the case containing the heroin from the bedroom floor and drop it out of the window. Unless the officer's presence in the apartment can be justified, it constituted an unlawful intrusion into the home, and the evidence thereby discovered would be inadmissible".

The purpose of a new hearing was to afford the People an opportunity to justify the officer's presence in the apartment and not to demonstrate its utter immateriality. As we read the minutes of the hearing, there is nothing presented on the narrow issue reserved by the Court of Appeals regarding the existence of probable cause to justify a lawful entry to make an arrest. Since the seizure of the heroin was not justified at the new hearing, we are now faced with the alternative of either reversing the conviction and dismissing the indictment or remitting the case for the sole purpose of continuing the hearing on defendant's motion to suppress and holding the disposition of the appeal in abeyance pending receipt of findings after such continued hearing.

The predicate of the remission by the Court of Appeals was the assumption that officers may have had probable cause which would have justified making an arrest because Detective Short had testified on the trial that the officers had proceeded on the basis of "our experience and what we knew" as well as on the actions of defendant and Perillo. No attempt was made by either defendant or the prosecution to elicit evidence on that aspect of the case. In fact, Short was not called as a witness; and the stipulation as to what he would testify to had no reference to that crucial issue.

It may be that failure to direct the proper course of the inquiry on the hearing to suppress the evidence resulted from uncertainty as to which party had the burden of proof on such a hearing — a matter upon which the law was in a confused state

at the time of the hearing. However, since then the law on that subject was settled in *People* v. *Malinsky* (15 N Y 2d 86). There FULD, J., speaking for the court (in a footnote p. 91) said: "The People, in order to prevail, are under the necessity of going forward in the first instance with evidence to show that probable cause existed both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as an incident to an arrest. (See *People* v. *Gary*, 14 N Y 2d 730, cert. den. 379 U. S. 937; see, also, *Wong Sun* v. *United States*, 371 U. S. 471, 479–480; *United States* v. *Rivera*, 321 F. 2d 704, 708; *Cervantes* v. *United States*, 263 F. 2d 800, 805.) The ultimate burden to sustain the illegality of the seizure is upon the defendant, even though the initial burden to go forward is on the People. (*People* v. *Walton*, 24 A D 2d 640.)

It should be noted that in *Malinsky*, the court on an appeal from a judgment of conviction was concerned with the determination made on a hearing to suppress evidence held for the purpose of determining whether the search and seizure were made as an incident to a lawful arrest. The Court of Appeals there withheld determination of the appeal and remitted the case for a further hearing on the motion to suppress.

We cannot view the failure to proceed at the hearing in accordance with the opinion in the Court of Appeals as a conscious disregard of that court's pronouncements. Considered as an inadvertent misconception of what was required by the Court of Appeals upon a new hearing, the interests of justice, in our opinion, dictate that an opportunity should be afforded the People to reopen the hearing to present proof — if any exists — on the issue of whether the search and seizure herein was an incident to a lawful arrest and whether at the time of the entry the officers had probable cause which would have justified their making an arrest.

The order denying the motion to suppress should therefore be reversed, on the law and the facts, and the matter remitted to the trial court for a further hearing and proceedings in accordance with this opinion and the decision in *People* v. *Loria* (10 N Y 2d 368). In the interim, the pending appeal in this court will be held in abeyance. The new hearing should be held with all convenient speed. At the conclusion of such hearing, the hearing Justice shall render his written decision setting forth his findings of fact upon the issue. In accordance with the procedure adopted in *People* v. *Bischone* (24 A D 2d 575) the District Attorney shall, within 30 days after the rendition of the trial court's decision, (a) file with the Clerk of this court a supplemental printed or typewritten record, consisting of the

transcript of the stenographer's minutes of the new hearing and of the court's decision; and (b) serve a copy of such supplemental record upon the attorney for defendant. Within 30 days after the service of the supplemental record on him, the attorney for defendant may file with the Clerk of this court and serve upon the District Attorney a printed or typewritten supplemental brief; and within 20 days thereafter the District Attorney may file and serve a supplemental printed or typewritten brief on behalf of the People. If the supplemental record or brief be typewritten, six copies are required to be filed and one copy served. Thereafter, the court will proceed to a determination of the appeal on the basis of the original and supplemental records and briefs filed.

STEVENS, J. (dissenting in part). I dissent in part and would reverse, grant the motion to suppress, vacate the judgment and reinstate the indictment, and order a new trial.

The Court of Appeals in reversing the judgment of conviction and ordering a new trial expressly found the search in this case was not conducted pursuant to a legal warrant, nor was it a consent search. The remaining basis upon which the search and seizure could be upheld was if such search and seizure were incident to a lawful arrest (*People* v. *Loria,* 10 N Y 2d 368, 373). The court pointed out that " The validity of an arrest or an entry to effect an arrest without a warrant depends on there being probable cause to make the arrest " (p. 373). The court rightly felt that the People should have an opportunity to show probable cause and thereby establish the propriety of the police entry. The court expressly recognized the right of the defendant to move to suppress the challenged evidence.

The hearing on the motion to suppress produced no new evidence. The testimony of Sergeant Brennan, and the stipulation as to the testimony of Detective Short, merely confirmed the illegality of the entry condemned by the Court of Appeals. While the trial court in its opinion and disposition apparently misconceived the object of the hearing, the record indicates clearly that both the People and counsel for defendant understood its purpose. The defendant sought to meet the initial burden of properly raising the question and offered evidence in support of his contention that the search was illegal. The People, without going forward (*People* v. *Malinsky,* 15 N Y 2d 86), rested on that evidence, content to have the trial court decide the legal issue on the basis of what was before it. Such evidence, without more, compels a granting of the motion to suppress (*People* v. *Loria,* 10 N Y 2d 368). To now say to the

People go back and try again and see if you cannot produce more, is to create a further hazard for the defendant not fairly contemplated in law. It could conceivably produce evidence which, because of the lapse of time, might or might not reflect the sequence of events as they actually occurred.

RABIN, J. P., EAGER and STEUER, JJ., concur with VALENTE, J.; STEVENS, J., dissents in part in opinion.

Order entered on or about February 4, 1964, denying the motion to suppress reversed, on the law and the facts, and the matter remitted to the trial court for a further hearing and proceedings in accordance with the opinion of this court filed herein and the decision in *People* v. *Loria* (10 N Y 2d 368). In the interim, the pending appeal in this court will be held in abeyance.