**UNITED STATES of America**

v.

**Edward Cabassa SANTIAGO.**

**Cr. No. 15–68.**

United States District Court
D. Puerto Rico.

Sept. 30, 1968.

Charles Figueroa, Asst. U. S. Atty., for plaintiff.

Edgardo Márquez Lizardi, Santurce, P. R., for defendant.

## ORDER

FERNANDEZ-BADILLO, District Judge.

The defendant Edward Cabassa Santiago was indicted on February 1, 1968 by a Grand Jury from this District for violation of Title 18, United States Code, Section 1465—interstate transportation of obscene matter. The indictment charges that the defendant on or about

the 16th day of September, 1966, knowingly did transport or cause to be transported in interstate commerce from the city of New York, New York, to the city of Mayaguez, Puerto Rico, 65 copies of lewd, lascivious and filthy motion picture films.

On March 6, 1968, the defendant filed a motion for the return of seized property and the suppression of evidence based on five different grounds, to wit: property was seized against defendant's will, the search warrant was insufficient on its face, the property seized was not that described in the warrant, there was no probable cause for believing the existence of the grounds on which the warrant was issued and/or the warrant was illegally executed by the agents. A hearing was held on said motion on March 29, 1968 at which time the defendant appeared represented by his attorney, Edgardo Márquez Lizardi, Esquire, and Charles E. Figueroa, Assistant U. S. Attorney for this District, appeared on behalf of the plaintiff, United States of America. After hearing arguments of both counsel, this Court requested the filing of memorandum of law from the parties involved, with particular emphasis in the common, ordinary meaning of the term "stag" films which appears in the affidavit given by the agent to the United States Commissioner in Aguadilla and the search warrant issued by said Commissioner on the basis of the referred affidavit.

Memorandum of law requested by this Court having been filed and duly considered by it, and the Court at this time being fully advised in the premises, finds that defendant's motion to return seized property and the suppression of evidence is wholly without merits.

This Court finds that defendant's claim that the property involved was seized against his will is frivolous and lacks any merit since the agents for the Federal Bureau of Investigation who seized said property had a search warrant duly issued for that purpose by a United States Commissioner. Defendant's further claim that the property seized is not that described in the search warrant is also without merit, the search warrant as well as the affidavit clearly state that the property sought is material of obscene nature, to wit: stag films, and it was property of such nature the one seized from the defendant. This Court further finds that there is no basis for defendant's claim that the warrant was illegally executed, no evidence was offered by the defendant in support of such allegation.

Defendant's allegations in his motion to suppress evidence that the warrant was insufficient on its face and that there was no probable cause for believing the existence of the grounds on which the warrant was issued is unfounded. This Court has carefully examined the affidavit that gave basis for the search warrant and finds it to be within the meaning of the language used by the Supreme Court of the United States in the case of Aguilar v. State of Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723. Mr. Goldberg, then Associate Justice, speaking for the Court in Aguilar v. State of Texas, supra, said the following:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, [11 L.Ed.2d 887], was 'credible' or his information 'reliable.'"

The facts and circumstances within the knowledge of the agents and of the United States Commissioner and of which they had reasonable grounds to consider to be trustworthy was sufficient in themselves to warrant a man of reasonable caution in the belief that an offense

had been or is being committed. (Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543).

The United States Supreme Court in the case of Giordanello v, United States, 357 U.S. 480, on page 486, 78 S.Ct. 1245 on page 1250, 2 L.Ed.2d 1503, stated the following:

> "that the inferences from the facts which lead to the complaint '[must] be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime,' Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436. The purpose of the complaint, then, is to enable the appropriate magistrate * * * to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion * * *."

This Court holds that United States Commissioner Héctor Reichard acted in accord with the principles here above referred to in the *Giordanello* case. To hold otherwise would be a gross miscarriage in the administration of Justice in this District and this Court would be closing its eyes to the ever increasing and present danger of crime in a troubled society as ours.

Defendant's claim that the use of the term "stag film" alone in the search warrant invalidates the warrant since it does not describe the property to be seized as one which is either contraband or criminal per se, although not alleged as one of the grounds in the written motion to suppress evidence filed by the defendant, it was extensively argued by his counsel in the hearing of March 29, 1968. This claim is also found to be frivolous and without merit. Stag film is defined in Webster, the New Collegiate Dictionary, 1965 Edition, as "intended or suited for a gathering of men." The use of the term stag film alone does not necessarily mean that said films are obscene in nature but the use of said term in the affidavit and the search warrant coupled with the description of the property to be seized as of an obscene nature should clearly convey to the defendant and to everyone the fact that the property to be seized is one which is either contraband or criminal in its nature and according to the law it is subject to a search and later seizure if found in his person or in his luggage.

Therefore, for the above stated reasons, defendant's motion for the return of seized property and the suppression of evidence must be and it is hereby denied.

It is so ordered.