ERNEST VICTOR SANDERS, APPELLANT, *v.* SHERIFF, WASHOE COUNTY, STATE OF NEVADA, RESPONDENT.

No. 5780

March 18, 1969                    451 P.2d 718

*Richards & Arrascada,* of Reno, for Appellant.

180

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This appeal is from denial of a pretrial writ of habeas corpus. We affirm the ruling.

About midnight on June 18, 1968, appellant approached Eddith Grisham, credit manager at Harolds Club in Reno, Nevada, seeking to cash what apparently was a payroll check in the amount of $196.40, drawn on Campbell Office Machine Company. The check was made payable to Arthur P. Kenville, and upon Mrs. Grisham's request the appellant endorsed that name and a Santa Clara, California, telephone number on the back of the check. Appellant presented several credit cards for identification. Mrs. Grisham checked with the telephone operator in Santa Clara and was informed that there was no telephone listing under the name given. One of the credit cards presented to Mrs. Grisham was a telephone credit card. She dialed the number on that card and reached Mrs. Arthur Kenville, who informed Mrs. Grisham that her husband was not in Reno, that he did not work for Campbell Office Machine Company, and that several months prior a number of credit cards had been stolen from her purse. Mrs. Grisham then called the police department, and when Officer George A. Randall arrived she informed him of the information she had obtained. Officer Randall testified that he took appellant to

the police station where he called Mrs. Grisham by telephone to fill in the details of the situation and immediately thereafter he placed appellant under arrest, without a warrant being issued.

On July 2, 1968, a formal, written criminal complaint was filed by Officer Raymond D. Oster charging appellant with uttering a forged check and with forgery, and on that same day a warrant was issued for appellant's arrest. A preliminary hearing was held August 12, 1968, whereupon the magistrate found that there was probable cause to hold appellant to answer the charge of forgery.

On September 24, 1968, a Petition for Writ of Habeas Corpus was filed. The writ was issued and a hearing was held on the Petition on October 3, 1968. At the hearing on the Petition, it was disclosed that Officer Oster had no personal knowledge of the case; he did not participate in the arrest of appellant nor did he investigate the case. He signed the complaint on the basis of the police report which he had in his possession at that time. Officer Oster was the liaison officer between the police department and the district attorney's office.

Appellant contends the issue to be:

"Can a complaint signed under oath by an officer or other person not familiar with the facts of the case confer jusisdiction in the Justice Court to hold a preliminary examination and bind the defendant over for trial on the charge of forgery as alleged?"

The issue for us to decide is this:

Where a person is arrested for cause without a warrant, which arrest is not challenged, may he complain that a formal complaint and warrant issued thereafter, not signed by a person with personal knowledge of the offense, which states the essential elements of the crime, deprives the magistrate of jurisdiction to hold a preliminary hearing?

First, we must set at rest what is not at issue in this case. The original arrest without a warrant is not challenged. There is no question of search or seizure or suppression of evidence as a result of a claimed unlawful arrest.

NRS 171.178(2) provides:

"When a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith." Nothing is said in that statute about the issuance of a warrant of arrest. None is needed because the defendant is then lawfully under arrest. Under these circumstances, the complaint is intended

solely to put the defendant on formal written notice of the charge he must defend. It need not show probable cause for arrest on its face and may simply be drawn in the words of the statute so long as the essential elements of the crime are stated. It must be made under oath before a magistrate. NRS 171.102.

This rule of law is well explained in Byrnes v. United States, 327 F.2d 825 (9th Cir. 1964), which holds:

"The complaint need only charge the crime, *and need not show probable cause, on its face, to give jurisdiction* to the United States Commissioner. This is not like an affidavit for a warrant of arrest. That must show probable cause. Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. Upon arraignment, if there has been no indictment, the Commissioner must by preliminary examination (unless it is waived) satisfy himself there is probable cause to believe that a crime has been committed and the person arrested has committed the crime. Fed. R. Crim. P.5(c). *But the face of the complaint gives him jurisdiction if it follows the statutory language and if it relates the essential facts constituting the offense charged.*"

The record in this case shows that is exactly what happened when Officer Oster signed a complaint under oath on July 2, 1968, based upon knowledge obtained from police reports, charging appellant with uttering a forged check and with forgery.

The justice court thus had jurisdiction to hold a preliminary hearing upon that formal written complaint, and when it found probable cause to believe appellant committed the crimes charged, to hold him to answer in the district court.

The ruling of the lower court is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.