Accordingly, the conviction is sustained.

NICHOLAS DI BARI, Appellant, v. SHERIFF,
WASHOE COUNTY, NEVADA, Respondent.

No. 5768

March 19, 1969                    451 P.2d 847

*Richards and Arrascada,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from denial of a pretrial writ of habeas corpus. We affirm that order.

Di Bari was arrested without a warrant by the Reno police department on August 16, 1968 for the crime of robbery. On August 22, a formal written complaint was filed in the justice court, charging him with that robbery. The record does not show whether a warrant was issued on this complaint. The complaint was signed, under oath, before a magistrate by Officer Aldon Eustace, who was not the arresting officer and whose knowledge about the offense was related to him by a superior and from police reports he read. No other affidavits or other sworn testimony relating to probable cause was submitted to the magistrate as authorized in NRS 171.106.

A preliminary hearing was held upon the complaint, and appellant was bound over to the district court for trial.

Appellant contends that because the officer who signed the complaint had no personal knowledge of the commission of the offense, nor stated by affidavit or sworn testimony before the magistrate with whom he filed the written complaint the

source and reliability of his information about the crime, there was no probable cause for the arrest, and the magistrate acquired no jurisdiction to hold a preliminary hearing.

This same issue was urged to us upon identical facts in Sanders v. Sheriff, 85 Nev. 179, 451 P.2d 718 (1969). The decision on that case is decisive of this issue.

The order of the court below is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.