MOSHE PERELMAN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 31096

August 20, 1999        981 P.2d 1199

*Theodore J. Manos & Associates* and *Thomas C. Michaelides,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, and *Gregory R. Hojnowski* and *John E. Cunningham, III,* Deputy Attorneys General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

Before MAUPIN, AGOSTI and BECKER, JJ.

## OPINION[1]

*Per Curiam:*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict on three counts of filing false claims for insurance benefits. The district court sentenced appellant Moshe Perelman (Perelman) to a three-year term of imprisonment on each count.[2]

Perelman contends that the district court erred in finding that the crime of filing a false claim for benefits, i.e., insurance fraud, is a continuing offense under NRS 686A.291. The statute of limitations for insurance fraud is three years. *See* NRS 171.085(2). Perelman argues that the December 4, 1996 complaint in this mat-

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request of counsel for the state, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed on June 10, 1999.

[2]The district court also ordered Perelman to pay a $25.00 administrative fee, a $500.00 attorney fee, and $7,544.38 in restitution to American Banker's Insurance Company.

ter was filed beyond the statutory period. He contends that NRS 686A.291 provides that each false statement is a separate and distinct crime complete when the false statement is made. Accordingly, since all of the statements relied upon by the State were made prior to December 3, 1993, he asserts that the statute of limitations on all three claims had run by the time the complaint was filed.

Although NRS 686A.291 makes the filing of a false statement a crime, the overall intent of the statute is to address the filing of a false claim through the use of fraud, misrepresentations, or false statements. Thus, when multiple false statements are made in support of one claim, only one crime has been committed.

We conclude that insurance fraud is a continuing offense and that the statute of limitations does not begin to run until the continuous commitment of the offense is completed. Much like the continuing crime of welfare fraud, misrepresentations and false statements filed in support of insurance benefits are the result of a single, criminal intent and a continuous course of conduct.[3] We find that the statutory language of NRS 686A.291, taken as a whole, treats insurance fraud as a continuing offense. Accordingly, the district court did not err in finding that the crime of insurance fraud is a continuing offense in its denial of Perelman's motion to dismiss these charges as a matter of law.

Perelman also contends that the complaint did not allege any facts establishing when the continuous course of conduct ended and was thus fatally defective regardless of whether the crimes were continuous. We conclude that the allegations in the complaint complied with NRS 171.102 and NRS 173.075 and contained the essential facts sufficient to put Perelman on written notice of the offenses charged. Neither the continuing nature of

---

[3]*See* State v. Martin, 616 P.2d 193 (Haw. 1980) (crime of welfare fraud is continuing offense as plain language of statute indicated legislative intent and all statements of fact filed in support of continued eligibility for welfare benefits were identical, representing that Martin was unmarried, unemployed, and not receiving social security benefits); John v. State, 291 N.W.2d 502 (Wis. 1980) (welfare fraud and failure to notify authorities of changed circumstances was continuing offense because there was no finality until receipt of aid was discontinued or change of circumstances was reported); State v. Jones, 775 P.2d 183 (Kan. Ct. App. 1989) (welfare fraud was a continuing offense as it involved the wrongful taking of benefits on a monthly basis over a period of time); State v. Carrier, 677 P.2d 768 (Wash. Ct. App. 1984) (crime of welfare fraud is continuing offense as successive takings are the result of a single, continuing, criminal intent).

insurance fraud nor the statute of limitations is an element of the crime, and thus neither has to be specifically pleaded in the complaint. Accordingly, we conclude that the criminal complaint was not defective and the district court did not err in refusing to dismiss it. *See* Sanders v. Sheriff, 85 Nev. 179, 451 P.2d 718 (1969) (holding that complaint is intended solely to put defendant on written notice of charge he must defend).[4]

Finally, Perelman argues that the last date when the victim knew or should have known that the claim was fraudulent was December 3, 1993. This is the date when Perelman made statements in his divorce case which contradicted the statements made in the insurance claims. While a factual dispute does exist with respect to when the victim knew, or with reasonable diligence should have known, that a crime had been committed, there was sufficient evidence to support a prima facie case and dismissal of the complaint was not mandated as a matter of law.

The factual issues could have been submitted for the jury to consider; however, Perelman failed to request an instruction to this effect and did not submit any factual issues to the jury in support of his statute of limitations defense. Thus, although there may have been questions for the fact finder to resolve on the statute of limitations defense, Perelman's failure to request such an instruction waived the issue.

Having considered appellant's contentions and concluding that they lack merit, we affirm appellant's judgment of conviction.[5]

---

[4]The complaint did state which claims were at issue and gave Perelman adequate notice of a potential statute of limitations defense as evidenced by his motion to dismiss.

[5]Perelman also asserted that NRS 171.095, the ''secret manner'' exception to the three-year statute of limitations prescribed in NRS 171.085, did not apply to the crime of insurance fraud. However, the district court did not reach the merits of this issue below, and we therefore decline to address it for the first time on appeal.

Additionally, we have considered all proper person documents filed or received in this matter, and we conclude that they are without merit.