**UNITED STATES of America**

v.

**Gerald K. GOLDSTEIN.**

**UNITED STATES of America**

v.

**Barbara S. GOLDSTEIN.**

**Cr. Nos. 70–358–C, 70–380–C.**

United States District Court,
D. Massachusetts.

Jan. 19, 1971.

Herbert F. Travers, Jr., U. S. Atty.,
Willie J. Davis, Asst. U. S. Atty., for
plaintiff.

Joseph S. Oteri, Kevin M. Keating,
Mitchell Benjoya, Crane, Inker & Oteri,
Boston, Mass., for defendants.

MEMORANDUM and ORDER

CAFFREY, District Judge.

This matter came before the court upon a motion, filed in both cases, to suppress the use as evidence of all articles, including a quantity of hashish (marihuana), seized by federal agents on or about September 29, 1970, in or about the premises at 40 Summit Street, Salem, Massachusetts, on the ground that the search and seizure were conducted without probable cause and on the basis of an invalid search warrant, in violation of defendants' rights under the Fourth and Fourteenth Amendments to the Constitution.

The invalidity of the search warrant is said to stem from the lack of specificity in that part of the affidavit in support of the search warrant which indicates that a quantity of hashish traveled from the location of the addressee, Temple Shalom, on Lafayette Street, Salem, to the home of the defendants at 40 Summit Street, Salem.

The affidavit, which is attached as Exhibit "C" to the memorandum of law in support of the motion, reads as follows:

"On July 13, 1970, at the United States Customs Mail facility at New York, New York, Special Agent Joseph F. King examined and detained a parcel approximately 14″ X 9″ X 7″ addressed to Temple Shalom Synagogue, Lafayette Street, (corner of Ocean Street), Salem, Massachusetts 01970, U. S. A. bearing return address G GUR mailed from Israel bearing the words Books printed in Israel which contained approximately ten (10) pounds of a vegetable material resembling hashish (marihuana).

"The Postal Inspector G. Gilbarf on July 14, 1970, delivered it via Registered Mail, numbered pouch to Postal Inspector J. F. Nieskens in Boston who delivered same to Special Agent Callahan of the United States Treasury Department. Special Agent Callahan delivered a small sample of the

material to Customs Chemist Shirley Harrington who tested same and confirmed that the sample is in fact hashish (marihuana).

"On September 25, 1970, Special Agent Callahan in the presence of Special Agent Soghigian applied a small amount of color codes flourescent powder to the interior of the parcel. At approximately 3:50 o'clock in the afternoon this date, said parcel was delivered via United States Mail to the addressee."

A sentence, in handwriting, added to the above reads as follows: "Said parcel was removed by a person unknown to the premises at 40 Summit Street, Salem, Massachusetts."

Defendants urge that the sentence, "Said parcel was removed by a person unknown to the premises at 40 Summit Street, Salem, Massachusetts," which is the only handwritten portion of the affidavit other than the signatures, is fatally defective in that it fails to indicate how the affiant came into possession of this knowledge. They point out that the affidavit does not contain a recital that the affiant, Agent Callahan, saw the parcel removed to 40 Summit Street; he does not claim any personal knowledge of the removal; he does not recite that any federal agent or any state or local law enforcement officer saw it removed; and he does not recite that any informer of known reliability told him or other law enforcement officers that the parcel was so removed. Defendants argue that, from the contents of the affidavit, this statement as to the removal to 40 Summit Street could be pure, unadulterated speculation on the part of the agent, or, alternatively, could be based on totally unreliable hearsay, and, of course, defendants contend that the Special Justice who authorized the search warrant had no way of knowing at the time he authorized the warrant what, if any, factual basis Agent Callahan had for the handwritten portion of the affidavit.

It should also be noted that the affidavit uses the past tense of the verb "removed" in the phrase "said parcel was removed." However, the affidavit does not state on what date or at what time the parcel was removed from the Temple to defendants' home. Other portions of the affidavit, however, establish that the removal occurred between September 25, when Agent Callahan tested a small amount of the powder in the parcel, and September 29, when he executed the affidavit before the Special Justice.

While this court, as the trial court from which ultimately emanated the ruling in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), is well aware that the Supreme Court in that case directed that affidavits be tested with a common-sense, non-technical, ungrudging and positive attitude, and that doubts should be "largely determined by the preference to be accorded to warrants" (p. 109, 85 S.Ct. p. 746), nevertheless, it feels constrained to rule that the instant warrant is fatally defective because of the total lack of any indication as to the source of the allegation relative to the removal of the parcel by persons unknown to 40 Summit Street.

Having in mind the more liberal attitude of the Supreme Court in *Ventresca, supra,* the affidavit in this case cannot be sustained as a valid basis for the issuance of the search warrant, because it falls clearly within the proscription contained in the opinion of the Supreme Court in Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958):

" * * * The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any source for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the per-

sonal knowledge of the complaining officer."

In the quoted language, the Supreme Court has eliminated the use of the only basis which the Special Justice could have seized upon herein to find that the last sentence, in handwriting, was made on personal knowledge of the affiant, by forbidding the issuing magistrate to indulge in a presumption to that effect. Consequently, the key factual allegation in the affidavit is, in effect, "sourceless."

It would be well to recall, with reference to this matter, the admonition of Judge Coffin, speaking for the Court of Appeals for this Circuit in Rosencranz v. United States, 356 F.2d 310, 318 (1966):

> "With a small amendment, both magistrate and officer could have remedied the deficiency in this case. We see no policy served which would relieve them of this minimal burden."

Accordingly, it is

Ordered: the motion to suppress is allowed in each case.