■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN SUTTON and RICHARD PELTZMAN, Respondents.— Appeal by the People from two orders of the County Court, Westchester County, dated June 26, 1970 and October 6, 1970, respectively, the first granting defendant Sutton's motion to suppress certain articles seized in his apartment pursuant to a search warrant, and the second granting defendant Peltzman's similar motion as to the same articles and directing a hearing as to articles seized in his apartment. Orders reversed, on the law and the facts, and motions to suppress denied. The motions to suppress were granted by the County Court on the ground that the affidavit supporting the search warrant was inadequate. We believe this was error. In our opinion, the affidavit sufficiently established the credibility and reliability of the undisclosed informant and, moreover, "spelled out in sufficient detail circumstances from which a 'neutral and detached magistrate' could independently determine that probable cause existed for the warrant to issue" (*People v. Montague*, 19 N Y 2d 121, 123; see, also, *Aguilar v. Texas*, 378 U. S. 108; *People v. Maddox*, 24 N Y 2d 924). Munder, Acting P. J., Latham, Christ and Benjamin, JJ., concur; Shapiro, J., dissents and votes to affirm the orders, with the following memorandum: The issue here presented is whether the affidavit in support of a search warrant was sufficient to establish probable cause. I believe that the County Court was correct in determining it was not. The affidavit of Detective Madry stated, in pertinent part: "On April 24, 1970, at 3:40 P.M., I received information from a reliable Informant, whose reliability has resulted in the arrest of a person for the criminal sale of dangerous drug [sic] in Westchester County. This Informant advised me that on April 23, 1970, sometime after 8:30 P.M., the aforesaid subject of this warrant, John Sutton, came into possession of thirty (30) Kilos of marijuana. Said marijuana being in 'brick blocks' and that the marijuana has as recently as twelve noon of this date, April 24, 1970 been secured in the aforesaid apartment number being 716, located at 80 East Hartsdale Avenue, Hartsdale, New York." The affidavit must meet the challenge of the two-pronged test set forth in *Aguilar v. Texas* (378 U. S. 108) and *Spinelli v. United States* (393 U. S. 410), that is, it (1) must establish that the informant was in fact reliable and (2) must show sufficient underlying circumstances as to how the informant came by his information in order to demonstrate its credibility. An analysis of the affidavit demonstrates that neither prong of the test was met. As there was no independent checking of the unnamed informant's information, his reliability may be established by the officer's sworn statement "that the informant is known to him and has in the past furnished information leading to the arrest and conviction of others" (*People v. Montague*, 19 N Y 2d 121, 122; *People v. Hendricks*, 25 N Y 2d 129, 133; *People v. Rogers*, 15 N Y 2d 422, 424). The affidavit does not indicate that the informant was known to Detective Madry and his statement that the informant's information led to an arrest (as distinguished from a

conviction) does not establish the informant's reliability (see *People* v. *Burnham,* 30 A D 2d 813, affd. 23 N Y 2d 809). Similarly, there has been no proper showing of the reliability of the informant's information. The information has not been set forth in such precise nature and great detail as would satisfactorily furnish a basis for a belief in its credibility (cf. *Draper* v. *United States,* 358 U. S. 307; *Spinelli* v. *United States, supra*; *People* v. *Boniface,* 37 A D 2d 728). Further, it is not clear that the informant was speaking from first-hand knowledge. It would be impermissible to presume that the informant had such knowledge in the absence of an allegation to that effect (cf. *Giordenello* v. *United States,* 357 U. S. 480, 486; *People* v. *Hendricks,* 25 N Y 2d 129, 137). In *People* v. *Hendricks (supra,* see p. 133) the affidavit by the detective recited: "I have information based upon confidential information, from a previously reliable informant, that JOHN HENDRICKS has concealed on his person and in his residence at 97–20 72nd Drive, Forest Hills, New York a revolver for which he has no Pistol Permit and a quantity of jewelry and other property which are the proceeds of larcenies and burglaries in the New York area." Writing for a unanimous court, Judge Scileppi said, "It seems clear, without going further, that the affidavit in support of the warrant was insufficient to establish probable cause" (p. 133). He went on to say (pp. 136–137): "The People argue, however, that this language is sufficient because it can be presumed, when the language is given its ordinary meaning, that the informant *saw* the pistol alleged to be in defendant's possession. We cannot agree. The factual assertion by the informant in this case is no different from the informant's assertion in *Aguilar* that narcotics are being kept at the described premises. And neither does it differ from the informant's assertion in *Spinelli* 'that William Spinelli is operating a handbook and accepting wagers' (*Spinelli* v. *United States, supra,* at p. 414). The case most directly in point, however, is *Giordenello* v. *United States* (357 U. S. 480). There Agent Finley of the Narcotics Bureau obtained a search warrant based upon an affidavit in which he stated: 'That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to wit: heroine hydrochloride with knowledge of unlawful importation' (*Giordenello* v. *United States supra,* at p. 481). In holding that the arrest and seizure pursuant to the warrant were illegal, the Supreme Court said: 'The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime. * * * The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. *We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer.*' (*Giordenello* v. *United States, supra,* at p. 486; emphasis added.) It seems clear to us that, if it was impermissible in *Giordenello* to presume that the affiant, a Federal narcotics agent, was speaking from personal observation, it would likewise be impermissible in this case to presume that the hearsay informant had gained his knowledge firsthand. While courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a common sense, manner

(*United States* v. *Ventresca*, 380 U. S. 102), the law is nevertheless clear that the Magistrate must be informed of some of the underlying circumstances which support the conclusion and belief of the affiant that his informer was credible and his information reliable. In short under both the Federal cases and our own State cases, this affidavit fails to pass constitutional muster." The affidavit in support of the warrant in this case suffers from the same infirmity which the court in *Hendricks* held nullified the warrant there, for here too the affidavit of the detective does not show that the informant saw the marijuana in the possession of the defendants. For all that appears from the affidavit it may have been based on rumor, hearsay or surmise on his part. Under the circumstances, since the affidavit in support of the warrant failed to provide a basis for the belief in the informant's reliability and also failed to show how he had obtained the information with regard to the marijuana, I would affirm the orders.*

---

* Although not cited by appellant, I am not unaware of the decisions in *United States* v. *Harris* (403 U. S. 573 [dec. June 28, 1971]) and *United States* v. *Manning* (448 F. 2d 992), which evince a tendency to relax the stringency of the requirements previously laid down to establish when the Government is entitled to rely upon an informant. However, even under the criteria there laid down, the affidavit used for the issuance of the warrant here is woefully deficient.