## GIORDENELLO *v.* UNITED STATES.

No. 549.   Argued May 21, 1958.—Decided June 30, 1958.

*William F. Walsh,* acting under appointment by the Court, 355 U. S. 875, argued the cause and filed a brief for petitioner.

*John L. Murphy* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Anderson, Beatrice Rosenberg* and *Eugene L. Grimm.*

Mr. Justice Harlan delivered the opinion of the Court.

Petitioner was convicted of the unlawful purchase of narcotics, see 26 U. S. C. (Supp. V) § 4704, after a trial without a jury before the Federal District Court for the Southern District of Texas. A divided Court of Appeals affirmed. 241 F. 2d 575. We granted certiorari to consider petitioner's challenge to the legality of his arrest and the admissibility in evidence of the narcotics seized from his person at the time of the arrest. 355 U. S. 811.

Agent Finley of the Federal Bureau of Narcotics obtained a warrant for the arrest of petitioner from the United States Commissioner in Houston, Texas, on January 26, 1956. This warrant, issued under Rules 3 and 4 of the Federal Rules of Criminal Procedure (see note 3, *infra*), was based on a written complaint, sworn to by Finley, which read in part:

> "The undersigned complainant [Finley] being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.
>
> "And the complainant further states that he believes that ——————— ——————— are material witnesses in relation to this charge."

About 6 o'clock in the afternoon of the following day, January 27, Finley saw petitioner drive up to his residence in a car and enter the house. He emerged shortly

thereafter and drove away in the same car, closely followed in a second car by a person described by Finley as a "well-known police character." Finley pursued the cars until they stopped near another residence which was entered by petitioner. When petitioner left this residence, carrying a brown paper bag in his hand, and proceeded towards his car, Finley executed the arrest warrant and seized the bag, which proved to contain a mixture of heroin and other substances. Although warned of his privilege to remain silent, petitioner promptly admitted purchasing the heroin in Chicago and transporting it to Houston.

On January 28 petitioner appeared with counsel before a United States Commissioner. He waived the preliminary examination contemplated by Rule 5 of the Rules of Criminal Procedure, see p. 483, *infra,* and was arraigned on the complaint upon which the arrest warrant had been issued on January 26.[1]  Prior to trial petitioner, alleging for the first time that his arrest and the coincident seizure from his person of the paper bag were illegal, moved to suppress for use as evidence the heroin found in the bag. This motion was denied by the District Court, and petitioner's conviction and its affirmance by the Court of Appeals followed.

In this Court petitioner argues, as he did below, that Finley's seizure of the heroin was unlawful, since the warrant of arrest was illegal and the seizure could be justified only as incident to a legal arrest, and that consequently the admission of the heroin into evidence was

---

[1] The indictment returned against petitioner did not refer to the crime charged in the complaint but was based on two related offenses. One, charging possession of unlawfully imported narcotics, 21 U. S. C. § 174, was dropped by the Government prior to trial. The other, charging unlawful purchase of narcotics, 26 U. S. C. (Supp. V) § 4704, resulted in petitioner's conviction.

error which requires that his conviction be set aside. The Government contends that petitioner waived his right to challenge the legality of his arrest, and hence to object to the admissibility of this evidence, by failing to question the sufficiency of the warrant at the time he was brought before the United States Commissioner. It further asserts that the arrest warrant satisfied the Federal Rules of Criminal Procedure, and, alternatively, that the arrest can be sustained apart from the warrant because Finley had probable cause to believe that petitioner had committed a felony. The Government recognizes that since Finley had no search warrant, the heroin was admissible in evidence only if its seizure was incident to a lawful arrest, see *United States* v. *Rabinowitz,* 339 U. S. 56, 60, and that if the arrest was illegal the admission of this evidence was reversible error.

I.

We think it clear that petitioner, by waiving preliminary examination before the United States Commissioner, did not surrender his right subsequently to contest in court the validity of the warrant on the grounds here asserted. A claim of this nature may involve legal issues of subtlety and complexity which it would be unfair to require a defendant to present so soon after arrest, and in many instances, as here, before his final selection of counsel.

In addition, examination of the purpose of the preliminary examination before a Commissioner makes evident the unsoundness of the Government's position. Rule 5 (c) of the Federal Rules of Criminal Procedure provides in part:

"If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant

has committed it, the commissioner shall forthwith hold him to answer in the district court; otherwise the commissioner shall discharge him."

By waiving preliminary examination, a defendant waives no more than the right which this examination was intended to secure him—the right not to be held in the absence of a finding by the Commissioner of probable cause that he has committed an offense.

By the same token, the Commissioner here had no authority to adjudicate the admissibility at petitioner's later trial of the heroin taken from his person. That issue was for the trial court. This is specifically recognized by Rule 41 (e) of the Criminal Rules, which provides that a defendant aggrieved by an unlawful search and seizure may ". . . move the district court . . . to suppress for use as evidence anything so obtained on the ground that . . ." the arrest warrant was defective on any of several grounds. This was the procedural path followed by petitioner, and we hold it proper to put in issue the legality of the warrant. Cf. *Albrecht* v. *United States*, 273 U. S. 1, 9–11.

## II.

Petitioner challenges the sufficiency of the warrant on two grounds: (1) that the complaint on which the warrant was issued was inadequate because the complaining officer, Finley, relied exclusively upon hearsay information rather than personal knowledge in executing the complaint; and (2) that the complaint was in any event defective in that it in effect recited no more than the elements of the crime charged, namely the concealment of heroin with knowledge of its illegal importation in violation of 21 U. S. C. § 174.[2]

---

[2] It appears that in the courts below petitioner relied primarily, if not entirely, on the first of these grounds. That of course does not

It appears from Finley's testimony at the hearing on the suppression motion that until the warrant was issued on January 26 his suspicions of petitioner's guilt derived entirely from information given him by law enforcement officers and other persons in Houston, none of whom either appeared before the Commissioner or submitted affidavits. But we need not decide whether a warrant may be issued solely on hearsay information, for in any event we find this complaint defective in not providing a sufficient basis upon which a finding of probable cause could be made.

Criminal Rules 3 and 4 provide that an arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth "the essential facts constituting the offense charged," and (2) showing "that there is probable cause to believe that [such] an offense has been committed and that the defendant has committed it . . . ." [3] The provisions of these Rules must be read in light of the constitutional requirements they implement. The language of the Fourth Amendment, that ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized," of course applies to

---

prevent him from relying here also on the second ground, which raises simply a question of law as to the sufficiency of the complaint. See *United Brotherhood of Carpenters* v. *United States,* 330 U. S. 395, 412; *Weems* v. *United States,* 217 U. S. 349, 362; Fed. Rules Crim. Proc., Rule 52 (b).

[3] Rule 3: "The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

Rule 4 (a): ". . . If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. . . ."

arrest as well as search warrants. See *Ex parte Burford*, 3 Cranch 448; *McGrain* v. *Daugherty*, 273 U. S. 135, 154–157. The protection afforded by these Rules, when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint ". . . be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson* v. *United States*, 333 U. S. 10, 14. The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.

When the complaint in this case is judged with these considerations in mind, it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination under Rule 4 that probable cause existed. The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer. The insubstantiality of such an argument is illustrated by the facts of this very case, for Finley's testimony at the suppression hearing clearly showed that he had no personal knowledge of the matters on which his charge was based. In these circumstances, it is difficult to understand how the Commissioner could be expected

to assess independently the probability that petitioner committed the crime charged. Indeed, if this complaint were upheld, the substantive requirements would be completely read out of Rule 4, and the complaint would be of only formal significance, entitled to perfunctory approval by the Commissioner. This would not comport with the protective purposes which a complaint is designed to achieve.

It does not avail the Government to argue that because a warrant of arrest may be issued as of course upon an indictment, this complaint was adequate since its allegations would suffice for an indictment under Federal Rule of Criminal Procedure 7 (c). A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged. Here, in the absence of an indictment, the issue of probable cause had to be determined by the Commissioner, and an adequate basis for such a finding had to appear on the face of the complaint.

### III.

In the two lower courts the Government defended the legality of petitioner's arrest by relying entirely on the validity of the warrant.[4] In this Court, however, its principal contention has been that the arrest was justified *apart* from the warrant. The argument is that Texas law permits arrest without a warrant upon probable cause that the person arrested has committed a felony; that in the absence of a controlling federal statute, as in the case

---

[4] The Government asked the District Court to take judicial notice that petitioner was arrested on a "complaint and warrant." In addition, Finley's testimony and the "return" of the United States Marshal to the warrant leave no room for doubt that in fact the warrant constituted the basis for petitioner's arrest.

here, federal officers turn to the law of the State where an arrest is made as the source of their authority to arrest without a warrant, cf. *United States* v. *Di Re,* 332 U. S. 581, 589; *Johnson* v. *United States, supra,* at 15; and that Finley, on the basis of the facts he testified to before the District Court, must be deemed, within the standards of Texas law, to have had the probable cause necessary to arrest petitioner without a warrant.

We do not think that these belated contentions are open to the Government in this Court and accordingly we have no occasion to consider their soundness. To permit the Government to inject its new theory into the case at this stage would unfairly deprive petitioner of an adequate opportunity to respond. This is so because in the District Court petitioner, being entitled to assume that the warrant constituted the only purported justification for the arrest, had no reason to cross-examine Finley or to adduce evidence of his own to rebut the contentions that the Government makes here for the first time.

Nor do we think that it would be sound judicial administration to send the case back to the District Court for a special hearing on the issue of probable cause which would determine whether the verdict of guilty and the judgment already entered should be allowed to stand. The facts on which the Government now relies to uphold the arrest were fully known to it at the time of trial, and there are no special circumstances suggesting such an exceptional course. Cf. *United States* v. *Shotwell Mfg. Co.,* 355 U. S. 233. This is not to say, however, that in the event of a new trial the Government may not seek to justify petitioner's arrest without relying on the warrant.

We hold that the seizure in this case was illegal, that the seized narcotics should therefore not have been admitted into evidence, and that petitioner's conviction accordingly must be set aside. The judgment of the Court of Appeals is

*Reversed.*

Mr. Justice Clark, with whom Mr. Justice Burton and Mr. Justice Whittaker concur, dissenting.

I agree that petitioner did not waive his right to attack the complaint by his waiver of preliminary examination. But I cannot agree to other conclusions of the Court which, for all practical purposes, free another narcotics peddler, this time on the ground that the complaint did not provide "a sufficient basis upon which a finding of probable cause could be made."

The complaint stated that petitioner "on or about January 26, 1956, at Houston, Texas . . . did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation," citing the statute violated. Petitioner contends that these allegations did not meet the "essential facts" requirement of Rule 3 of the Federal Rules of Criminal Procedure. The Court does not pass on this contention, but instead reverses on Rule 4, reasoning that the complaint was deficient because it contained "no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; [did] not indicate any sources for the complainant's belief; and [did] not set forth any other sufficient basis upon which a finding of probable cause could be made." I note that petitioner, in his 39-page brief, does not rely on Rule 4, satisfying himself with contentions under Rule 3.

The Court is entirely in error in advancing the Rule 4 ground. The complaint alleged an actual occurrence which under the law constituted a prima facie offense—possession of narcotics. Unlawful importation is presumed. 35 Stat. 614, as amended, 21 U. S. C. § 174. See *Casey* v. *United States,* 276 U. S. 413 (1928). Petitioner's contention is that the complaint imported personal knowledge when in fact it was based in part on information. It thus appears strange for the Court to say that "deficiencies" in the complaint "could not be

cured by the Commissioner's reliance upon a presumption . . . [of] personal knowledge." Implicit in petitioner's entire argument is the fact that no presumption was indulged. The complaint was positive and absolute in alleging that petitioner on a certain day and at a specific place "did receive [and] conceal" heroin. Therefore, the Court's first objection, i. e., absence of an allegation of personal knowledge, is manifestly untenable. As to the second, concerning "sources for the complainant's belief," that is something never required in a complaint. In fact, as the Court well knows, sources are considered confidential in narcotics cases and divulgence is seldom required. Such a requirement is a wholly unnecessary and unwarranted extension of Rule 4. Finally, the catchall objection that the complaint did "not set forth any other sufficient basis" constituting probable cause overlooks the fact that Agent Finley directly and explicitly stated under oath that petitioner "did receive [and] conceal" heroin. It therefore follows as the night does the day that "probable cause" existed, and the Commissioner had no recourse other than to issue the warrant. Neither the Court nor petitioner points out what more must be alleged.

The caveat that the Commissioner "should not accept without question the complainant's mere conclusion" is not applicable here. If the statement that petitioner did "receive" and "conceal" narcotic drugs is a conclusion, it is also a fact. Unlike other criminal offenses, narcotics violations require no specific intent, and there is no need to spell out facts tending to show such intent. The distinction the Court draws between conclusions and facts is untenable because there is no need here for inferences, unlike ordinary criminal cases. If the accused has "possession" he has committed an offense, absent satisfactory explanation therefor. And certainly one cannot "receive" and "conceal" without having "possession."

Relating the purpose served by a complaint to that of an application for a search warrant, as the Court does here, citing *Johnson* v. *United States,* 333 U. S. 10 (1948), is most unfortunate. The obliteration of valid distinctions between the two can have little effect on narcotics cases, because subsequent to the arrest here the Congress authorized officers to make arrests without a warrant where there are "reasonable grounds to believe that the person to be arrested has committed or is committing" a narcotics offense. 70 Stat. 570, 26 U. S. C. (Supp. V) § 7607. But in other fields of criminal law enforcement it increases the great burden already placed on officers and, like the requirement as to "sources" and "other evidentiary facts," only beclouds what was clear as to the requisites of a complaint. The considerations underlying arrest are not apposite to those of search. As we have seen, arrests can be made in narcotics cases without a warrant where "reasonable grounds" are present. Prior to this Federal Act, state law was applicable and in Texas permitted arrests without a warrant on "probable cause" to believe a narcotics offense had been committed. See *Giacona* v. *State,* 164 Tex. Cr. R. 325, 326, 327, 298 S. W. 2d 587, 588–589; *Thomas* v. *State,* 163 Tex. Cr. R. 68, 69–70, 288 S. W. 2d 791, 792. Search warrants, on the other hand, are required by the Fourth Amendment "notwithstanding facts unquestionably showing probable cause." *Agnello* v. *United States,* 269 U. S. 20, 33 (1925).* The Court does not strike down this complaint directly on the Fourth Amendment, but merely on an extension of Rule 4. It is unfortunate that through this byplay the constitutional limitations surrounding search and seizure are extended to the long-recognized powers of arrest.

---

*Searches incident to a valid arrest are, of course, excepted.

Until petitioner came here he in no way attacked the complaint on the ground that it "recited no more than the elements of the crime charged." The Court admits as much. See footnote 2 in the majority opinion. Nevertheless, in the face of this admission and without either of the parties depending on Rule 4, much less briefing and arguing it, the Court strikes down this conviction on that ground. In the same breath it tags as "belated" and refuses on that account to pass on the unanswerable position of the Government, which *was* fully briefed and argued, that the arrest may be upheld under state law, *United States* v. *Di Re,* 332 U. S. 581, 589 (1948), as one on probable cause without a warrant. *United States* v. *Rabinowitz,* 339 U. S. 56, 60 (1950). I cannot subscribe to such a double standard. I ask, how in fairness can the Court consider and decide the case on a point not relied on below by petitioner and at the same time throw out the Government's claim as belated? And particularly so since the Court of Appeals recognized that claim in this language:

> "Moreover, there was enough in the record to make it clear that an honest official might well have thought he was fully observing the legal restraints placed upon his actions, and that he had *good cause for arrest even if the warrant already obtained was invalid since he believed he saw a felony being committed in his presence* . . . ." (Emphasis added.) 241 F. 2d 575, 579.

But assuming that the claim is belated, it states the law and our duty is to apply it. Such purblindness may set petitioner free, but it shackles law enforcement. I dissent.