**UNITED STATES of America**

v.

**John HESKIN, Defendant.**

**Cr. No. 45824 and New Cr. No. 45850.**

United States District Court
E. D. New York.

June 30, 1959.

---

4. See note 2.

Warren Max Deutsch, Glen Cove, N. Y., for petitioner-defendant John Heskin.

Cornelius W. Wickersham, Jr., U. S. Atty., for the E. D. New York, by Morton J. Schlossberg, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

BYERS, Chief Judge.

This is a motion for an order dismissing the complaint as being insufficient on its face, as based solely on hearsay and as violative of Rule 3, Fed. Rules Civ.Proc. 28 U.S.C.

The defendant relies upon Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 1247, 2 L.Ed.2d 1503.

That case has been examined and is found not to be in point in that probable cause was not shown in the complaint. That complaint read in part, as quoted in the opinion of the Supreme Court:

"The undersigned complainant (Finley) being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code, [21 U.S.C.A. § 174].

"And the complainant further states that he believes that ———— ———— are material witnesses in relation to this charge."

The complaint in the instant case so far as presently material, reads:

"That on or about the 10th day of April, 1959, the above-named defendant, John Heskin, did violate section 2113 of Title 18 United States Code, in that he did, by force and violence, take from the person of others, to wit: three tellers of the Commack Branch of the Bank of Smithtown, * * * approximately Ten Thousand Two Hundred Seventy Three Dollars ($10,273.00), which money was in the care, custody, control, management and possession of the said Bank; (Title 18 U.S.C. § 2113).

*   *   *   *   *

"That the source of your deponent's information and the grounds for his belief are the statements made by Arnold Victor Horgensen * and George G. Giordano that the above-named defendant participated with them in the robbery of the above described bank as well as the investigations of agents of the F.B.I. at said Bank and elsewhere."

The statement upon which Jenkins relied in making the foregoing affidavit was that of the two persons who participated with the defendant in the commission of the above robbery.

In the view of this court that circumstance is clearly to be distinguished from the matter considered in the cited case. A later decision which may be consulted is Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

Being of the opinion that the information upon which Jenkins relied was such that if he had failed to act upon it he would have been derelict in his duty, the defendant's motion is denied.

Settle order.

* The correct name is Jorgensen.