UNITED STATES of America, Appellee,

v.

Howard J. McCALL, Defendant-Appellant.

No. 398, Docket 26633.

United States Court of Appeals Second Circuit.

Argued May 25, 1961.

Decided June 26, 1961.

J. Robert Lunney, of Shearman & Sterling, New York City, for appellant.

Arthur I. Rosett, Asst. U. S. Atty., S.D.N.Y., New York City (Robert M. Morgenthau, U. S. Atty., and George I. Gordon, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

CLARK, Circuit Judge.

Appellant was convicted on two counts for violations of 18 U.S.C. § 876, and received concurrent suspended sentences of two years on each count. The first count alleged that appellant had sent a threatening letter to one Lane with the intention of extorting money from him, and the second count alleged only the sending of the threatening letter, without reference to an intent to extort. Both counts are based on the sending of the same letter on December 18, 1959. During the period that appellant was in custody he vountarily gave the FBI a written statement admitting that he wrote the letter mentioned in the indictment. At the trial, appellant testified in his own behalf, primarily in an attempt to mitigate punishment, and admitted writing and mailing the letter for which he was indicted. He claimed that Lane was an individual of dubious character who owed him $30,000, and that he wrote the letter in exasperation after Lane had repeatedly given him the runaround.

■ Appellant's principal point on appeal relates to the admission in evidence of certain papers seized from him at the time of his arrest on January 7, 1960. Appellant claims that the warrant for his arrest was issued upon an insufficient complaint, and that the arrest and accompanying search and seizure were therefore illegal. Doubt may well exist as to whether the complaint was sufficient under the standards laid down in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, and Di Bella v. United States, 2 Cir., 284 F.2d 897, certiorari granted 365 U.S. 809, 81 S.Ct. 692, 5 L.Ed.2d 690, and as to whether the papers taken from appellant were properly subject to seizure, even if the arrest were legal. See Abel v. United States, 362 U.S. 217, 234–235, 80 S.Ct. 683, 4 L.Ed.2d 668. But we do not need to consider these troublesome questions, because we are convinced that the documents seized had no effect whatsoever on the substantial rights of the appellant. Fed.R.Crim.P. 52(a). The only purpose for which the documents were used at trial was to make handwriting and typewriting comparisons. Since appellant freely admitted writing the letter, both before and during the trial, there could be no possible prejudice from the admission of samples of his handwriting even if they had been improperly seized. Moreover, defense counsel stated in his summation to the jury that the doubtful validity of the handwriting comparison was not "of any great moment here at this time because when the defendant took the stand in his own behalf he admitted having written the letter."

■ Appellant's second point concerns an alleged appeal to religious prejudice in the prosecution's closing statement to the jury. The letter written by the defendant had contained some rather vicious remarks in this connection. In closing, the prosecution admonished the jury not to let such factors influence it. The judge gave a similar instruction to the jury. While the interjection of the issue of prejudice into the trial was unfortunate, it was made inevitable by the contents of defendant's letter; and we do not find any reversible error.

We express our appreciation to assigned counsel for the appellant for his devoted service both as trial counsel and on this appeal.

Conviction affirmed.