JOHN A. SCHAEFER *v.* STATE OF MARYLAND

[No. 943, September Term, 1975.]

*Decided May 7, 1976.*

438

The cause was argued before ORTH, C. J., and GILBERT and LOWE, JJ.

*Benjamin Lipsitz* for appellant.

*Albert Gallatin Warfield, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *Thomas Caskey, Special Attorney* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 22 May 1975 in the Criminal Court of Baltimore, JOHN A. SCHAEFER, an incumbent member of the City Council from the First Councilmanic District of Baltimore City, was found guilty by a jury of having a financial interest in certain contracts with Baltimore City, a misdemeanor proscribed by Art. VII, § 126 (a) of the Charter of Baltimore City, 1964 Revision.[1] On 12 June 1975 he was sentenced to

---

\* Note: *Certiorari* denied, Court of Appeals of Maryland, September 14, 1976.

1. Section 126 (a) provides, under the heading "BOARD OF ETHICS — *Conflicts of Interest*":

"It shall be unlawful for the Mayor, the Comptroller, the President of the City Council, the members of the City Council, or any other elected official (hereinafter, jointly or severally, referred to as 'elected official') of the Mayor and City Council of Baltimore, to have any financial or other private interest, direct or indirect, including but not limited to, the representation of a client as an attorney, in any written or oral contract with the City, or any agency thereof, or in any other transaction, including litigation or legislation, in which the City, or any agency thereof, is or may be in any way concerned, except as hereinafter provided."

The exceptions are not here relevant. See § 126 (f) and (g) of Art. VII.

imprisonment for six months in the Baltimore City Jail, the first thirty days to be served and the balance of five months to be suspended while on probation in the care of the Maryland Division of Parole and Probation. He was directed to pay court costs.[2] He appealed.

Schaefer seeks to reverse the judgment on one claim, that the trial court erred in denying his pre-trial motion to dismiss the charging document on which he was tried.[3] The charging document was a summons issued by a judge of the District Court of Maryland. The motion to dismiss the summons set out six reasons why it was invalid, but on appeal Schaefer relies only upon those reasons relating to probable cause for its issuance. He asserts:

(1) the summons required probable cause.

(2) the application for the summons failed to establish probable cause.

-------

**2.** Section 127 of Art. VII of the Charter provides the penalty for and consequences of conviction:

"Any person who knowingly violates any of the provisions of Sections 123 through 128 of this Article VII . . . shall be guilty of a misdemeanor and shall, on conviction thereof, be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned in the Baltimore City Jail for a term of not more than twelve months, or both, in the discretion of the Court; and, in addition, in any case where any officer, employee or agent hereinbefore mentioned, is involved, it shall be obligatory on the Mayor or the employing agency, as the case may be, following such conviction, to dismiss immediately such convicted person from his office or position; and, in addition, in the case where any elected official is convicted as aforesaid, the duties, powers and authority vested in such convicted official by law shall terminate in their entirety as of the day of conviction and the office formerly held by such convicted official thereafter shall be filled in the same manner as though such official had died while holding office."

**3.** The record before us shows that when Schaefer was arraigned in the Criminal Court of Baltimore on 12 May 1975, he made an oral motion before pleading to dismiss the summons. The motion was heard and denied for reasons stated in an oral opinion by the Court.

The District Court had original exclusive jurisdiction of the case. Courts Art. § 4-301. Schaefer says in his brief, n. 1, p. 8, that he had filed a written motion in the District Court to dismiss the summons. The District Court was deprived of jurisdiction when Schaefer demanded a jury trial, Courts Art. § 4-302 (d), but the motion was not transmitted with the record when the case was transferred to the Criminal Court of Baltimore.

(3) the determination of probable cause was made by the prosecutor, not the judge.

### (1)

Under the Maryland District Rules, effective 5 July 1971, a charging document means "arrest warrant, summons to a defendant, statement of charges, citation, or criminal information." M.D.R. 702, § a.[4] The first two are relevant on this appeal, a summons because it was the type of charging document under which Schaefer was charged and tried, and the arrest warrant, as will become apparent, because of its relationship vis-à-vis a summons to the question of probable cause.

A basic distinction between a warrant and a summons is the immediate disposition to be made of the accused. "An arrest warrant shall command that the defendant be arrested and brought before a judicial officer. A summons shall . . . command a defendant to appear in court at a stated time and place . . . ." M.D.R. 706, § e. This distinction is reflected in the provisions dictating whether a summons or a warrant shall be issued. It is mandatory that a summons to an individual defendant rather than an arrest warrant be issued when the defendant is charged only with a petty offense, and in any case in which the State's Attorney so requests, "[u]nless the issuing officer finds after due inquiry that (i) the defendant has previously failed to respond to a summons for an offense other than a non-moving traffic offense; or (ii) there is a substantial likelihood that the defendant will not respond to a summons; or (iii) the whereabouts of the defendant is unknown and the issuance of an arrest warrant is necessary to subject him to the jurisdiction of the court . . . ." M.D.R. 706, § c 2 (a) (2). Permissive issuance of a summons is authorized "in any case in which the issuing officer has reason to believe that the

---

4. Under the Maryland Rules applicable to the circuit courts, including the Criminal Court of Baltimore, "indictment" includes "a grand jury indictment, a criminal information and a charging document as defined in Maryland District Rule 702 . . . ." Rule 702, § a. Trial for a criminal offense shall be held only on indictment as so defined. Rule 703.

defendant will appear in response thereto." M.D.R. 706, § c 2 (b). With respect to an arrest warrant, it shall be issued, "[e]xcept where a judicial officer is required or permitted to issue a summons, . . . if it appears to the issuing officer upon [proper] application . . . that there is probable cause to believe that a crime has been committed and that the defendant has committed it." M.D.R. 706, § c 1. Also an arrest warrant shall issue "[i]f an individual defendant fails to appear in response to a summons . . . ." M.D.R. 706, § c 2 (c). In many other respects a summons and an arrest warrant are similar. Each may be issued only upon application with identical requirements. "An application for an arrest warrant or summons to a defendant shall be made in writing, signed by the applicant upon oath before a judicial officer," M.D.R. 706, § a, defined as "a District Court judge or commissioner", M.D.R. 702, § f. Both an arrest warrant and a summons must contain specified matters which result in their substantial similarity in form and content. See M.D.R. 706, § e. A warrant shall be executed by the arrest of the defendant, M.D.R. 706, § f 1, and promptly after his arrest the defendant shall be given a copy by the arresting officer, M.D.R. 706, § d. A summons shall be served by delivering a copy to the defendant personally. M.D.R. 706, § f 1. There must be a prompt return made of each. M.D.R. 706, § f 2.

As we have indicated, in dealing with the issuance of an arrest warrant Rule 706 refers in § c 1 to "probable cause [for the issuing officer] to believe that a crime has been committed and that the defendant has committed it." The Rule makes no reference to probable cause in connection with a summons to a defendant. But Courts Art. § 2-607 (c) provides, *inter alia*: "A [District Court] commissioner shall receive applications and determine probable cause for arrest warrants and criminal summonses. He shall . . . conduct investigations and inquiries into the circumstances of any matter presented to him in order to determine if probable cause exists for the issuance of a warrant or criminal summons . . . ." Courts Art. § 2-607 (c) originated before the effective date of the Maryland District Rules as Acts 1970,

ch. 528, § 1, codified as Art. 26, § 154 (c). It read like the present statute except that it concerned only arrest warrants; it did not include criminal summonses. These provisions remained unchanged when the statute was amended by Acts 1971, ch. 423, § 1, which added paragraphs (i) (ii) and (iii) relating to the issuance of summonses in lieu of warrants. Those paragraphs were deleted by Acts 1972, ch. 181, § 24, which, however, added "criminal summonses" to the probable cause provisions, so that those provisions read as they now read in Courts Art. § 2-607 (c). The legislative intent is clear; neither arrest warrants nor criminal summonses are to be issued except upon probable cause. Courts Art. § 2-607 (c) and M.D.R. 706 must be read together. The scheme is plain. Upon application for a charging document, the judicial officer must first believe that there is probable cause to support its issuance. If he determines that probable cause exists, then he looks to the Rule to determine whether the charging document will be an arrest warrant or a summons to a defendant. To assist him in the application of the Rule he "may make inquiry concerning the defendant's residence, employment, family relationships, past history of response to legal process, and past criminal record." M.D.R. 706, § b. M.D.R. 706 in no way negates the clear legislative expression that both warrants and summonses shall be issued on probable cause. The requirement of § c 1 for the issuance of a warrant is not to be construed as declaiming, in the light of the statute, that probable cause is not necessary for the issuance of a criminal summons. Nor is it of any moment that the statute speaks only of commissioners. The Rule makes no distinction between judges and commissioners in the issuance of warrants and summonses. It would be an absurd result, and contrary to the fair administration of justice if probable cause were essential for the issuance of a warrant whether by a commissioner or a judge and essential for the issuance of a criminal summons by a commissioner, but not essential for the issuance of a criminal summons by a judge. We note that the same form is used in the District Court to apply for an arrest warrant and a summons to a defendant. Whether an arrest warrant or a summons is sought, the

form calls for a "Concise statement of facts showing probable cause that defendant(s) committed a criminal offense." And whether a warrant or a summons is issued, it must contain "a plain, concise and definite statement of essential facts constituting each offense charged . . . ." M.D.R. 706, § e (2). The form is designated as "Application for Summons/Arrest Warrant." It begins: "The undersigned applies for an arrest warrant/summons to be issued against . . . ." It calls for the signature of "Judge/Commissioner" as the person before whom it was sworn and subscribed. In each instance the inappropriate word is simply stricken.

We conclude that a summons within the contemplation of M.D.R. 706, like an arrest warrant, shall be issued only if it appears to the District Court judge or commissioner upon application in writing signed by the applicant under oath before the issuing officer that there is probable cause to believe that a crime has been committed and that the accused has committed it.

Our inquiry turns to the nature of the probable cause required for the issuance of an arrest warrant and a summons to a defendant. We noted in *Hignut v. State*, 17 Md. App. 399, 409 (1973): "The definition of 'probable cause' remains a constant, of course, applying alike to searches and to arrests, with warrants or without warrants." We believe the definition applies also to "a summons to a defendant" within the contemplation of the statute and Rule discussed above. The quantum of required probable cause is the same to justify the issuance of a search and seizure warrant or an arrest warrant or a summons to a defendant. See *Aguilar v. Texas*, 378 U. S. 108, 112, n. 3 (1964); *Giordenello v. United States*, 357 U. S. 480, 485-486 (1958); *Dawson v. State*, 11 Md. App. 694, 697, n. 1 (1971), *cert. den.*, 263 Md. 711 and 712 (1971). The Court of Appeals said in *Edwardsen v. State*, 243 Md. 131, 136 (1966): "[T]he rule of probable cause is a non-technical conception of a reasonable ground for belief of guilt, requiring less evidence for such belief than would justify conviction but more evidence than that which would arouse mere suspicion." We set out the rules governing probable cause for the issuance of a search warrant in

*Buckner v. State,* 11 Md. App. 55, 61-62 (1971), *cert. den.,* 261 Md. 723 (1971). We adapt them to probable cause for the issuance of a summons to a defendant. A District Court judge or commissioner may issue a summons to a defendant when it is made to appear to him by a written application signed and sworn to by the applicant containing facts within the personal knowledge of the affiant or of which he had reasonably trustworthy information, that there is probable cause to believe that a crime was committed and that the accused committed it. Probable cause is less than certainty or demonstration but more than suspicion or possibility. It is to be determined by the judicial officer to whom application for the summons is made. If a prudent and cautious man would be justified from the facts presented in believing that the offense has been committed and the accused committed it, the summons may properly be issued. In determining the existence *vel non* of probable cause, the judicial officer may give consideration to the special significance which objects, happenings, and individuals may have conveyed to a trained, experienced and knowledgeable person swearing to the facts set out. Those sworn facts may be based on hearsay information even from an unidentified informant, and need not reflect the direct personal observations of the affiant, but they must contain some of the underlying circumstances from which the affiant could be reasonably justified in a belief that the hearsay information was reliable or the informant was credible. The sworn facts should be interpreted in a common-sense rather than a hypertechnical manner. Probable cause, however, may not be made out by statements which are purely conclusory, stating only the affiant's or an informant's belief that probable cause exists. See *Henry v. United States,* 361 U. S. 98, 102 (1959); *Brinegar v. United States,* 338 U. S. 160, 175-176 (1949).

## (2) and (3)

The application for the summons to Schaefer was made on 24 January 1974 and attempted to show that there was probable cause that Schaefer committed the misdemeanor

proscribed by the Charter of Baltimore City, Art. VII, § 126 (a), which we have set out in note 1, *supra*. The application was subscribed and sworn to by the Deputy State's Attorney for Baltimore City before a judge of the District Court. The concise statement of facts to show probable cause that Schaefer violated the Charter provision was this:

> ". . . on or about Sept. 1, 1972 and thence continually until Nov. 2, 1973 at various locations in Baltimore City . . . , John A. Schaefer, while being an elected Baltimore City official, to wit: a City Councilman from the First Councilmanic District, Baltimore City, State of Maryland, encouraged and aided in the formation of Baltimore Wreckers, Inc., a private corporation founded for the purpose of performing demolition work for Baltimore City and actively aided Baltimore Wreckers in the submission of bids of Baltimore Wreckers for Baltimore City demolition contracts by procuring equipment and labor personnel to carry out the Baltimore City demolition work as well as occupying the position of President of Capitol Hauling, Inc., a firm engaged by Baltimore Wreckers as a subcontractor for Baltimore City demolition contracts and thereby received financial and other interests therefrom.
>
> The affiant personally knows the above information to be true because of the personal observation of documents now in the possession of the State's Attorney's Office which include articles of incorporation of the aforesaid corporations, mortgage agreement, cancelled checks drawn on accounts of the above corporations payable to the defendant, ledgers and records of account for the above corporations."

We do not agree with Schaefer's contentions that the application failed to establish probable cause or that the determination of probable cause was made by the

prosecutor, not the judge. The first paragraph of the
probable cause statement sets out these facts:

a) Schaefer was a member of the City Council;
b) Schaefer aided in the formation of a
corporation founded to do work for Baltimore
City;
c) Schaefer assisted the corporation in submitting
bids for contracts with Baltimore City by
procuring equipment and labor to carry out the
contract work;
d) the corporation subcontracted Baltimore City
demolition contracts to another corporation of
which Schaefer was president;
e) Schaefer thereby received financial and other
interests in a contract with Baltimore City.

The second paragraph of the statement showed that the
facts came from the applicant himself, a known, named,
public figure. He set out the facts under oath, subject to the
penalties of perjury. They were known to the affiant because
of his personal observation of articles of incorporation of the
subject corporations, ledgers and records of accounts for the
corporations, and cancelled checks drawn on the corporate
accounts payable to Schaefer, all of which were in the
possession of the State's Attorney. This recounting under
oath of facts obtained by the personal observation of the
affiant was sufficient to establish their trustworthiness in
the context of probable cause. There was no question of
credibility; no unnamed, unsworn informant was involved.
The statement was clearly far more than the prosecutor's
conclusion that Schaefer perpetrated the offense described.
It consisted of facts from which a prudent and cautious man
would be justified in believing that § 126 (a) of Art. VII of
the Charter of Baltimore City was violated by Schaefer. It
thus provided a sufficient basis upon which a finding of
probable cause could be made. And the finding that there
was probable cause was made, as was proper, by a neutral
and detached judicial officer. Compare *Coolidge v. New*

*Hampshire,* 403 U. S. 443, 449-453 (1971); *Whiteley v. Warden,* 401 U. S. 560, 564-569 (1971). In short, the application here passed muster because it provided a basis for the judicial officer's determination under M.D.R. 706 and Courts Art. § 2-607 (c) that probable cause existed. It contained an affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it indicated sources for the affiant's belief; and it set out facts upon which a finding could be made that Schaefer probably committed the crimes alleged.

We hold that the trial court did not err in denying the motion to dismiss the summons.[5]

> *Judgment affirmed; costs to be paid by appellant.*

---

**5.** We do not imply by our holding that such motion would have been proper had probable cause not been established. We do not reach the question whether a defendant may be tried upon an arrest warrant or summons issued on less than probable cause shown in the application. Neither statute nor rule of this jurisdiction prohibits the trial of the defendant under an arrest warrant or summons to a defendant which is issued without probable cause. We do not now decide whether proper sanctions would, in any event, extend beyond evidentiary exclusions and detention prohibitions. See Giordenello v. United States, *supra,* 485-487; Gerstein v. Pugh, 420 U. S. 103 (1975). Of course, no detention of the accused occurs when the charging document is a summons. As there is no arrest, there could be no search and seizure incident thereto. And there is otherwise no power to seize property under the authority of a summons.

In the case *sub judice* there is no question presented as to an illegal detention of Schaefer or an unreasonable search and seizure of any property.