OPINION
{¶ 1} Joseph Reno is appealing the judgment of the Kettering Municipal Court, which found him guilty of a violation of Centerville Zoning Ordinance Section 20(B)(5).
 {¶ 2} In July of 2001, the City of Centerville, Ohio received several complaints regarding activity at 7777 Cliffview Court in Centerville, a home owned by Joseph Reno. Centerville's zoning inspector, Donald Creech, wrote a letter to Reno, regarding his operation of a home occupation business. Subsequently, Reno received a complaint for violating a provision of the Centerville Zoning Ordinance.
 {¶ 3} Reno filed a motion to dismiss the complaint and a motion to suppress. Reno's motion to dismiss alleged that the complaint provided inadequate notice and was insufficient to establish probable cause for the summons. The trial court overruled the motion.
 {¶ 4} At the hearing on the motion to suppress, Joann Reno, Joseph Reno's wife, testified that her husband had been running a business out of their home known as "Marine Solutions." Mrs. Reno explained that the business had a retail sales area in a converted garage at their residence and that the business hours were from 7:00 p.m. to 9:00 p.m., Monday through Friday. Further, Mrs. Reno testified that on June 4, 2001 Creech had come through the door to their garage, which had been converted to a room for their home business, and she had found him in the showroom. Although Mrs. Reno testified that the door to the sales area had had stickers on it that had designated the business hours and accepted credit cards, she explained that this door and its markings were not observable from the street. Mrs. Reno testified that, on the day Creech had appeared in the sales area of her home, the only other person present had been Gary Huffer, a neighbor who had been helping to unload items from a delivery truck.
 {¶ 5} Huffer also testified at the hearing. According to Huffer, he was at the Renos' residence helping to unload a delivery truck when Creech walked up the driveway. Huffer testified that, because he had unlocked the door to the house, he had put his hand up to stop Creech, who had stopped and hesitated. Huffer turned away, and when he turned back Creech was gone. Huffer later found him inside the retail sales area of the house with Mrs. Reno. Additionally, Huffer testified that, on the following day, Creech had walked up the driveway and Huffer had again spoken with him. Huffer told Creech that the Renos were not present and asked Creech to leave. According to Huffer, Creech responded, "I'm with the City. I'm allowed to be here." Creech then proceeded to take photographs of the Renos' garage and retail sales area.
 {¶ 6} Moreover, Creech testified at the hearing. Creech testified that his office had received several complaints regarding the level of activity at the Renos' residence. Creech had previously received correspondence from Reno's attorney stating that visitors to the retail sales area were limited to between the hours of seven p.m. and nine p.m. on weekdays. Creech's testimony differed significantly from that of Huffer and Mrs. Reno. Creech alleged that he had only gone on the Renos' property on one occasion. Creech testified that on June 4th he had observed the Renos' property from the street and had seen a semi truck in their driveway unloading items. Creech insisted that he had not walked onto the property on that day. He testified that he had met with the prosecutor who had ordered him to go onto the Renos' property and take pictures of the activity and the signs in the window near the retail sales area. According to Creech, he returned on June 5th and took pictures of the property including the signs on the door to the retail sales area. On this date, Creech testified that a man in the driveway had told him that the Renos were not home and that he should leave. Creech testified that he had told the man that he was a city inspector and therefore had the right to go onto private property. Creech claimed that, when he had gone to the door of the retail sales area, he had knocked on the door and Mrs. Reno had let him into the area. On cross-examination, Creech waffled regarding whether he had entered the Renos' property on more than one occasion. Although he finally asserted that he had only walked on the Renos' property on June 5th, this was contradicted by his own assertion that he was sent to the property on June 5th to photograph the window signs because the window was not visible from the street he could have only been aware of the signs if he had previously entered the property. Creech admitted that he had not had a search warrant. Creech admitted he had been aware of the business hours but had not come to the residence during those hours.
 {¶ 7} After hearing this testimony, the trial court overruled the Motion to Suppress. Reno subsequently entered a plea of no contest, and the court found him guilty, fining him $100.00. Reno has filed this appeal from that decision.
 {¶ 8} Reno raises the following assignments of error:
 {¶ 9} "I. The Trial Court Erred In Overruling Appellant's Motion To Dismiss.
 {¶ 10} "II. The Trial Court Erred In Overruling Appellant's Motion To Suppress."
 Appellant's first assignment or error: {¶ 11} Reno argues that the trial court should have granted his motion to dismiss as the complaint failed to establish probable cause to believe Reno committed an offense or adequately inform Reno of the nature of the accusation or the offense committed. We agree.
 {¶ 12} Criminal Rule 4(A)(1) states:
 {¶ 13} "If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.
 {¶ 14} "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses. The testimony shall be admissible at a hearing on a motion to suppress, if it was taken down by a court reporter or recording equipment.
 {¶ 15} "The issuing authority shall issue a summons instead of a warrant upon the request of the prosecuting attorney, or when issuance of a summons appears reasonably calculated to ensure the defendant's appearance."
 {¶ 16} A defendant has a constitutional right to a finding of probable cause before a warrant or summons is issued for him to answer.Giordenello v. United States (1958), 357 U.S. 480. Crim. R. 4 permits the finding of probable cause to be supported by affidavits filed with the complaint or reliable hearsay evidence in addition to the complaint for a summons. City of Dayton v. Perkins (Feb. 9, 1983), Montgomery App. Nos. 7688, 7849. The U.S.Supreme Court stated in Giordenello:
 {¶ 17} "The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.
 {¶ 18} "When the complaint in this case is judged with these considerations in mind, it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination under Rule 4 that probable cause existed. The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer." Giordenello, supra, at 486.
 {¶ 19} Additionally, a complaint that consists of no more than a sheriff's conclusion that the defendants committed the offense listed in the complaint without the basis for the conclusion or other information, cannot support a finding of probable cause. Whiteley v. Warden, WyomingState Penitentiary (1971), 401 U.S. 560.
 {¶ 20} This court previously addressed this issue in City ofDayton v. Perkins, supra. In Perkins, the complaint amounted to a mere conclusion that the defendant had committed the specified offense on a particular date. In Perkins, we stated that the complaint was insufficient to support a finding of probable cause as the complaint "did not set forth that the affiant spoke from, 1) personal knowledge, 2) knowledge gained from other officers, or 3) knowledge gained from an informant or citizen." Id. Unlike United States v. Flynn (1982), 664 F.2d 1296, in which the court found that the observations of government officials are entitled to a presumption of credibility, the complaint in Perkins did not provide the source for the information. Perkins, supra. Also, inPerkins, the complainant did not have personal knowledge of the offense in the complaint. Id. Therefore, in Perkins, we found that the complaints failed to satisfy Crim. R. 4(A)(1), and thus the summons had not been properly issued. Id. See also, Sampson v. City of Xenia (1999),108 F. Supp.2d 821.
 {¶ 21} The complaint in the underlying case stated:
 {¶ 22} "Before me, a notary public in and for the County of Montgomery, State of Ohio, personally came DONALD CREECH, who, being duly sworn according to law, deposes and says that On or about 6/4/02, one JOSEPH RENO, 7777 CLIFFVIEW CT., CENTERVILLE, OH 45459, did unlawfully in Centerville, Montgomery County, Ohio:
 {¶ 23} "Violate a provision of the Centerville Zoning Ordinance, to wit: did engage in a prohibited home occupation as defined by Section 20(B)(5)
 {¶ 24} "in violation of Section 34 of the Centerville Zoning Code of Centerville, Ohio."
 {¶ 25} As in Giordenello and Perkins, the complaint in the instant case fails to list the source of the information. Although here Creech as the complainant did have personal knowledge of the events underlying the complaint because he had personally conducted the investigation, this was not stated in the complaint. The information that Creech had personally investigated the Reno property and what he discovered in his investigation was not revealed until the hearing on the motion to suppress, which occurred after the court had denied Reno's motion to dismiss. The complaint in this case only listed Creech's conclusion that Reno had committed the zoning violation without any reference to the source of the affiant's information. Therefore, as in Perkins, we are forced to conclude that the complaint failed to comply with Crim.R. 4(A)(1), and thus no summons could be properly issued based on the complaint. The trial court erred in overruling Reno's motion to dismiss.
 {¶ 26} Additionally, Reno asserts that the complaint failed to adequately inform him of the nature of the accusation or the offense committed. However, as we have already determined that the trial court erred in failing to dismiss the complaint for failing to comply with Crim. R. 4, this issue is moot.
 {¶ 27} Reno's first assignment of error is sustained.
 Appellant's second assignment of error: {¶ 28} Reno asserts that the trial court erred in overruling his motion to suppress. As we have determined above that the trial court should have dismissed the complaint, this assignment of error is also moot.
 {¶ 29} The judgment of the trial court is reversed and remanded.
BROGAN, J. and WOLFF, J., concur.