**Cheryl Ann Brock PAUL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–1257–MR.**

Court of Appeals of Kentucky.

Sept. 30, 1988.

Discretionary Review Denied by Supreme Court March 8, 1989.

Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HAYES and WEST, JJ.

COMBS, Judge.

Cheryl Ann Brock Paul appeals from her convictions in the Franklin Circuit Court of possession of cocaine and possession of marijuana. She challenges the convictions on constitutional grounds; specifically, that her rights guaranteed her as a citizen under the Fourth Amendment to the United States Constitution, and Section 10 of the Kentucky Constitution were violated by the Kentucky State Police when one of its detectives illegally arrested her. We agree with Paul and reverse her convictions.

Paul's troubles began on May 3, 1986, while she was travelling with three companions in an automobile proceeding west on Interstate 64 in Franklin County. She was sitting in the back seat on the right side. The owner of the vehicle was sitting in the front seat on the right side. The Kentucky State Police detective determined by radar that the automobile was speeding and stopped it.

When the detective approached the vehicle he observed "a small amount of marijuana" at the driver's feet. He also saw "two real small marijuana roaches" in the dashboard ashtray and smelled marijuana inside the car. He did not see anyone smoking or handling marijuana.

The detective ordered the four occupants out of the car. He advised them of their *Miranda* rights, and then asked them who owned the marijuana. Nobody confessed ownership so the detective arrested all four of them for constructive possession of the marijuana.

Paul and the others were taken to the Franklin County Jail where it is standard procedure for the personnel to strip search all those arrested on drug charges. There they were again advised of their rights articulated in *Miranda*. The detective informed Paul of her certain strip search and told her that if she had any drugs on her person she "might as well go ahead and give it to us now." Knowing this, Paul produced from her clothing what proved to be a small amount of marijuana and cocaine. Her purse contained drug paraphernalia and some more cocaine. Paul also admitted that she was a cocaine user, and had used cocaine that night.

Paul moved the trial court to suppress all evidence concerning drugs on the ground

that the detective had no probable cause to arrest her in the first place because she could not be "constructively presumed to be in possession of everything in that car." The trial court overruled her motion.

Paul then entered a conditional guilty plea, reserving her right to appeal the pretrial suppression ruling. Her conditional guilty plea was accepted and she was sentenced to three years for possession of cocaine, and twelve months for possession of marijuana. The three-year sentence was probated.

■ The Fourth Amendment to the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Section 10 of Kentucky's Constitution states:

The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation.

The probable cause requirement also applies to arrests. *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

It has already been held that the person who owns or exercises dominion or control over a motor vehicle is deemed to be the possessor of any contraband discovered inside it. *Leavell v. Commonwealth*, Ky., 737 S.W.2d 695 (1987) (Stephens, C.J., dissenting). We know that *Leavell* was not decided until nine months after the suppression hearing in Paul's case, but the authority cited for its proposition is *United States v. Vergara*, 687 F.2d 57 (5th Cir. 1982). The owner of the vehicle in which Paul was riding was seated in the front seat, and another individual was driving. Paul was neither the owner nor the person who had dominion or control of the vehicle. She was a back seat passenger.

While the arrests were being made the driver admitted to the detective that he had been smoking marijuana. The detective smelled marijuana and saw marijuana at the driver's feet. He also observed roaches in the front ashtray. Thus, the detective had probable cause to arrest the driver, but not Paul. *See* KRS 431.005.

■ Furthermore, a person's mere presence in the same car with a criminal offender does not authorize an inference of participation in a conspiracy. *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). The probable cause requirement is not satisfied by one's mere propinquity to others independently suspected of criminal activity. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).

As the arrest violated Paul's constitutional rights, the evidence against her that was subsequently discovered should have been suppressed. *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969).

Accordingly, the order of the Franklin Circuit Court overruling Paul's motion to suppress the evidence against her is hereby reversed, and the cause remanded to that court for allowance of her withdrawal of the guilty plea.

All concur.