5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Wali MUHAMMED, also known as Willie Lee Johnson, Appellant.
 No. 93-1508.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 18, 1993.
Filed: September 8, 1993.
 
 Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wali Muhammed appeals from his conviction on a charge of possession of an unregistered firearm, 26 U.S.C. Sec. 5861(d), and a charge of being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 
 2
 On March 16, 1992, Muhammed failed to appear at a hearing held on the government's motion to modify the conditions of Muhammed's release on charges to which Muhammed had entered a conditional plea of guilty. As a result of Muhammed's failure to appear, the district court issued a bench warrant for his arrest. On March 18, 1992, two United States deputy marshals arrested Muhammed after he exited the automobile that he had been driving. The arresting officers found a short-barreled 20-gauge shotgun lying on the back seat of the automobile.
 
 
 3
 Muhammed was indicted on April 20, 1992, on the charges giving rise to this appeal. Standby counsel was appointed to assist Muhammed in preparing and trying the case (Muhammed himself holds a law degree, although he surrendered his license to practice law following his conviction of a felony in 1988). Muhammed was arraigned and pled not guilty on June 12, 1992, and trial was scheduled to commence on July 13, 1992. On July 8, 1992, the district court granted standby counsel's motion for a continuance. On October 23, 1992, the district court denied Muhammed's motion to suppress the evidence seized by the officers at the time of Muhammed's arrest. Trial was held on November 19, 1992.
 
 
 4
 From mid-July to mid-October 1992, Muhammed was incarcerated at the Federal Correctional Institution at LaTuna, Texas. He was returned to Little Rock in mid-October, where he remained until the date of trial. During the period from mid-June until the date of trial, numerous motions were filed, some by standby counsel and some by Muhammed himself. Also during this period, several of the district judges to whom the case had been assigned recused themselves, and the case was ultimately assigned to the Honorable George Howard, Jr.
 
 
 5
 Muhammed contends that his motion to suppress evidence should have been granted because no probable cause existed for the issuance of the bench warrant inasmuch as no sworn testimony was presented to the district court. We disagree. The bench warrant for Muhammed's arrest was based upon Muhammed's failure to appear at the March 16, 1992, hearing. That Muhammed was not present in the courtroom at the hearing was a fact the existence of which was readily apparent to the district court and was not dependent upon the allegations of third parties whose knowledge and credibility might otherwise have been a matter of judicial determination. Cf. Giordenello v. United States, 357 U.S. 480, 486 (1958). In any event, the arresting officers acted in an objectively reasonable manner in relying upon the warrant. United States v. Leon, 468 U.S. 897 (1984).
 
 
 6
 Muhammed contends that he was denied the right of meaningful self-representation guaranteed to him by Faretta v. California, 422 U.S. 806 (1975). As indicated above, however, Muhammed filed numerous motions in this case prior to trial, some by himself and some through standby counsel. Accordingly, we conclude that Muhammed's right to self-representation was not abridged.
 
 
 7
 We conclude that there is no merit in Muhammed's contention that he was denied his right to a speedy trial or in his contention that Judge Howard erred in failing to recuse himself at Muhammed's request.
 
 
 8
 The judgment of conviction is affirmed.